UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CR-N-04-30046-MAP |
| ) | |
| v.                              ) | |
| ) | |
| **JONATHAN FREDERICK,**         ) | |
| ) | |
| **Defendant.**        ) | |

**GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Paul Smyth, Assistant United States Attorney, hereby files this sentencing memorandum. The United States feels compelled to file this response to clarify certain representations made by defendant Frederick, and to note that he is dangerously close to threatening the United States' concurrence in his acceptance of responsibility and §5K1.1 motion.

First, defendant Frederick appears to minimize his involvement in the scheme to defraud. He claims that various co-conspirators "duped" him into appraising blighted properties as if they had been renovated, and that he had no knowledge that his co-conspirators never made the promised renovations. In some sense, defendant Frederick seems to be saying that he was simply being a nice guy to not-so-nice people who took advantage of him.

1

However, as defendant Frederick admitted during his proffer, his appraisal of properties "as if" they had been renovated rather than "as is" violated every basic tenet of the appraisal business. To put it in defendant Frederick's words, to do what he did was "a big No-No." Defendant Frederick knew that he never should have appraised the properties until all of the work had been completed. Therefore, no one "duped" defendant Frederick into doing anything. He knew that he should not have appraised the properties in the manner that he did, and that it was wrong to do so, but he did it anyway.

In addition, the lending institutions, who hired defendant Frederick and paid his appraisal fee, never contracted with defendant Frederick to appraise the properties under an "as if" theory rather than "as is." Defendant Frederick freely admitted during his proffer that the lending institutions never would have accepted his appraisals or issued loans if they knew that he had appraised the properties under the former theory. The lending institutions would have rejected the loan application and instructed him to re-appraise the property after all of the work had been completed.

Second, defendant Frederick states in his sentencing memorandum that his only involvement in the scheme to defraud was the manner in which he conducted his appraisals. This is not true. Equicredit had a seasoning requirement of approximately

one year, which meant that a property had to be owned for at least a year before Equicredit would finance its subsequent sale. The defendants in this scheme to defraud engaged in a variety of machinations to circumvent this requirement and cause Equicredit to finance the purchases of property that Equicredit ordinarily would not have.

Defendant Frederick assisted in this effort by not disclosing the rapid purchase and sale of property on his appraisal report. The appraisal reports prepared by defendant Frederick and submitted to the lending institutions had a line item called "Deed History." Defendant Frederick knew that the landflippers were buying and selling property rapidly, and certainly doing so in violation of the seasoning requirement. However, rather than disclosing the most recent owner of the property under "Deed History", Frederick wrote, "See Deed" or "See Registry of Deeds." Since defendant Innarelli delayed recording the landflippers' purchases of properties until the day that they sold the properties, a deed search by an outside party never would have revealed the purchase of the property by the landflippers. Therefore, an outside party never would have known of an intervening purchase of the property by a landflipper.

Had defendant Frederick actually listed a landflipper as the most recent owner of the property, a deed search by an outside party would have revealed the absence of a recorded deed for that

purchase. This would have raised a red flag for the lending institutions and caused them to question that transaction and possibly any other transactions associated with the landflipper. Therefore, his willingness not to disclose material information relating to the "deed history" of a particular piece of property on his appraisal report facilitated the scheme to defraud.

Defendant Frederick may claim that he had no obligation to conduct a deed search and report that information on the appraisal report. The United States agrees with that statement, and does not suggest that he had such an obligation. Nonetheless, he did have a fiduciary duty to report any and all material information known to him on the appraisal report, and he willfully chose not to do so.

Finally, defendant Frederick stated in his sentencing memorandum that he did not receive bribes. However, defendant Frederick must acknowledge that he received cash "incentive payments" to expedite appraisals for the landflippers. In other words, rather than doing his appraisals in the order in which they were referred to him, defendant Frederick put the landflippers' appraisals at the top of his list in exchange for an additional cash payment over and above his standard appraisal fee. This fee was never disclosed to the lending institutions, and never disclosed on the settlement statements.

Filed this 21th day of September, 2006.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                        /s/ Paul Hart Smyth
                        _____
                        PAUL SMYTH
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          September 20, 2006


    I, Paul Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronic filing upon:

Mark Albano, Esq.


                                /s/ Paul Smyth
                                _____
                                PAUL SMYTH
                                Assistant United States Attorney